UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------
IN RE: SHERI SPEER            )
                              )
                              )    Civil Action No.14-21007
                              )
_____

## MOTION TO DISMISS

Pursuant to Rule Fed. Civ. Pro. 12-(b)(6), the Alleged Debtor, Sheri Speer, moves to dismiss the petition filed in the above-captioned matter due to lack of subject matter jurisdiction and failure to state a claim upon which relief can be had pursuant to 7 USC §303. Specifically, the petition names three allegedly unsecured creditors: (1) Michael Teiger, (2) SLS Heating and (3) Clipper Realty Trust.

As to the first, Mr. Teiger's interests are secured by liens on real property known as 35-35 Second Street and 371 Laurel Hill Avenue in Norwich, Connecticut. These are both in foreclosure matters docketed as Seaport Capital Partners v Speer, KNL-CV-12-6012075 and KNL-CV-6012076, and Teiger's counsel has opted not to file a single responsive pleading. Further, the loan is being serviced by Conn & Conn Mortgage Company, and Mr. Stuart Cohen is the attorney in fact for that entity. Further, Mr. Cohen has offered the Alleged Debtor the opportunity to pay, mitigate or settle the debt by sexual favors.[1] The

---

1 See Exhibits B and C, Memorandum of Law in Support of this motion.

Alleged Debtor has also attempted to contact Mr. Teiger directly and now disputes any attorney fees that are part of any debt claimed.

As to SLS Heating, multiple bona fide disputes pertain to that debt. First, SLS Heating performed services on properties that were not owned and/or in the possession of the Alleged Debtor at the time of said performance. Some charges from SLS Heating pertain to real property known as 59 Coit Street, 76-78 Truman Street and 269 Vauxhall Avenue, New London, Connecticut. These properties were the subject of foreclosure actions docketed as Seaport Capital Partners v Speer, KNL-CV-12-6012078, KNL-CV-12-6012079, KNL-CV-12-6012080.[2] They were also in receivership at the time said services were performed. Pursuant to the orders appointing a receiver, services were to be contracted by and paid for by the Receiver of Rents. Also, some of the services performed were performed after title of the properties passed to New London Property Trust Group. The Truman Street property was actually owned by 76-78 Truman Street LLC prior to December 19, 2013, and prior to any receivership order going into effect, such debts would have been payable by the LLC.[3]

As to Clipper Realty Trust, the Alleged Debtor never had any type of relationship or any financial transaction with it. The Alleged Debtor never borrowed any money from or incurred any liability payable to Clipper Realty

---

2 Exhibit D, Memorandum of Law and record in those actions.

3 Exhibit E, Memorandum of Law

Trust. Clipper Realty Trust never sent the Alleged Debtor a single invoice, claim, letter or document of any kind, nor was the Alleged Debtor adjudicated to have owed it any money at any time. Moreover, Clipper Realty Trust is a fictional shell entity used by Seaport Capital Partners for the purpose, at least here, of abusive litigation tactics to delay trial on the counterclaim against it in the amount of at least $1,000,000 in nine actions (Seaport Capital Partners v Speer) with docket numbers KNL-CV-12-6012072, KNL-CV-12-6012073, KNL-CV-12-6012074, KNL-CV-12-6012075, KNL-CV-12-6012076, KNL-CV-12-6012077, KNL-CV-12-6012078, KNL-CV-12-6012079 and KNL-CV-12-6012080. Punitive damages are sought by the Alleged Debtor on counterclaim, bringing the potential award to more than $2,000,000. The "Trustee" of Clipper Realty Trust, Elizabeth Alina, declared under penalty of perjury that the contents of the Petition were true and accurate. They are not.

The Petition was filed on the eve of trial. Seaport Capital Partners had failed to comply with discovery in any meaningful way. Moreover, it fully intended to harm and malign the Defendant into compliance under the pretense of settlement rather than prosecute the underlying actions in any meaningful way. Further, the Defendant moved to disqualify Attorney Lloyd Langhammer from representing Seaport due to conflict of interest and a violation of Rules 1.7 and 1.9 of the Rules of Professional Conduct, having put Seaport and its original Attorney, Donna Skaats, on notice that such a conflict existed prior to his

involvement. Langhammer swore to the authenticity, accuracy and contents of the Petition under penalty of false statement to obtain a stay in the Seaport Actions.[4]

WHEREFORE, the Alleged Debtor moves that the Petition[5] be dismissed pursuant to Rule Fed. Civ. Pro. 12(b) and appropriate sanctions ordered against the Petitioners under 11 USC §303(i).

ALLEGED DEBTOR:

_____
Sheri Speer
151 Talman Street
Norwich, CT 06360
saspeer@snet.net
(860) 213-2836

Dated this 28 Day of May, 2014

### ORDER
The motion to dismiss the Petition is hereby:

GRANTED / DENIED

_____      _____
Judge / Clerk                                       Date

---

4 Exhibit H, Memorandum of Law, Motion to Dismiss

5 The entire petition and summons as served by counsel for the Petitioners is attached to the Memorandum of Law as Exhibit A.