UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SHERI SPEER       )
                         )
                         )    Civil Action No. 14-21007
                         )
                         )

## ANSWER TO INVOLUNTARY PETITION AND SPECIAL DEFENSES

The Alleged Debtor, Sheri Speer, hereby answers the Involuntary Petition and offers the following Special Defenses to the best of her knowledge and belief, as follows:

### ANSWER

1. (As to Venue) It is admitted that the Alleged Debtor's name is Sheri Speer and that she resides at 151 Talman Street, Norwich, CT 06360, which is located in New London County. This is where the Alleged Debtor's principal place of business, residence and domicile of assets has been 180 days prior to the filing of the Petition.

2. (As to Nature of Debts). Admitted as to SLS Heating LLC and Michael Teiger. Denied as to Clipper Realty Trust.

3. (As to Type of Debtor). Admitted.

4. (As to nature of business) Admitted.

5. (Petition ¶1) Denied. The Petitioners are not eligible under §303.

6. (Petition ¶2) Denied.

7. (Petition ¶3a) Denied. The Debts claimed by Teiger and Clipper Realty Trust are subject to bona fide disputes. The Debt claimed by SLS Heating LLC is

subject to a partial bona fide dispute. All other factual allegations in additions to offers of proof asserted in the Alleged Debtor's Motion to Dismiss (Doc. 4), Brief in Support of Motion to Dismiss (Doc. 5) and Reply Brief to Petitioners' Opposition (Doc. 39) are set forth here as if stated verbatim.

<u>FIRST SPECIAL DEFENSE: PETITIONERS FAIL TO MEET THE</u>

<u>REQUIREMENTS OF §303</u>

1. The Alleged Debtor re-allages and reincorporates ¶¶1 through 7 of the Answer as if set forth verbatim.

2. To date, no notice of Default was filed pursuant to ¶¶22 of the Mortgage Note in favor of Michael Teiger, which is a prerequisite to pursuing any judicial remedy of any kind, including a bankruptcy petition. Mr. Teiger's interests are secured by liens on real property known as 35-35 Second Street and 371 Laurel Hill Avenue in Norwich, Connecticut. On May 9, 2014, the Alleged Debtor met in person with Dr. Teiger, who indicated that she was not in default and that he wanted her to make payments directly to him.

3. As to SLS Heating, multiple bona fide disputes pertain to that debt. First, SLS Heating performed services on properties that were not owned and/or in the possession of the Alleged Debtor at the time of said performance. Some charges from SLS Heating pertain to real property known as 59 Coit Street, 76-78 Truman Street and 269 Vauxhall Avenue, New London, Connecticut. These properties were the subject of foreclosure actions docketed as Seaport Capital

Partners v Speer, KNL-CV-12-6012078, KNL-CV-12-6012079, KNL-CV-12-6012080. They were also in receivership at the time said services were performed. Pursuant to the orders appointing a receiver, services were to be contracted by and paid for by the Receiver of Rents. Also, some of the services performed were performed after title of the properties passed to New London Property Trust Group. The Truman Street property was actually owned by 76-78 Truman Street LLC prior to December 19, 2013, and prior to any receivership order going into effect, such debts would have been payable by the LLC.

    4. the Alleged Debtor never had any type of relationship or any financial transaction with Clipper Realty Trust. The Alleged Debtor never borrowed any money from or incurred any liability payable to Clipper Realty Trust. Clipper Realty Trust never sent the Alleged Debtor a single invoice, claim, letter or document of any kind, nor was the Alleged Debtor adjudicated to have owed it any money at any time.

    5. The affidavit of Elizabeth Alina (Doc.31 Ex 5), on its face, contains statements that are outright false. Alina did not request security deposits from the Alleged Debtor in person. However, counsel for Seaport Capital Partners, Donna Skaats, did demand that the security deposits be turned over to her client. Alina references Exhibits V and W, which are checks in the amount of $638.00 dated March 27, 2013 and April 29, 2013. Title to 35 Rogers Avenue did not legally pass to Clipper Realty Trust because an appeal was filed and docketed

as AC 35158. The appellate stay and the entire appeal terminated 20 days after the denial of the petition for certification on May 23, 2013. Alina recorded a deed she knew or should have known to have no legal force or effect at the time of recording.

    6. Whether or not title did pass to Clipper Realty Trust at the time, which it did not, would not have established a lawful claim anyway. The security deposit made on Teri Williams' account was provided by Reliance House. It is the property of Reliance House. Inez Baez already owed back rent exceeding the security deposit when she moved to 35 Rogers from another property managed by the Alleged Debtor in Montville, Connecticut. Baez still owed back rent when she moved from 35 Rogers Avenue to 20 Central Avenue in Norwich, Connecticut. Baez has since accrued back rent obligations exceeding $15,000. She has left no forwarding address for the Alleged Debtor to send a written statement summarizing the amount owed and the security deposit retained to according to Connecticut Law regarding security deposits. Although Alina's affidavit sounds in conversion, Clipper Realty Trust made no written demand. It did not file suit to adjudicate its claims. Absent the facts set forth here which are clear on the record in KNL-CV-6012073 and the present matter to date, the claim is contingent.

    7. The Alleged Debtor has and is actively pursuing claims against Teiger for the misconduct of his agents tasked with servicing the debt.

8. Tieger's claim and Clipper Realty Trust's claim, even if valid, would be contingent as to liability prior to the filing of the Petition.

SECOND SPECIAL DEFENSE: PETITION FILED FOR IMPROPER PURPOSE AND IN BAD FAITH

1. The Alleged Debtor re-alleges and reincorporates ¶¶1 through 7 of the Answer and her First Special Defense as if set forth verbatim.

2. Clipper Realty Trust is an alter ego of Seaport Capital Partners for the purpose, at least here, of abusive litigation tactics to delay trial on the counterclaim against it in the amount of at least $1,000,000 in nine actions (Seaport Capital Partners v Speer) with docket numbers KNL-CV-12-6012072, KNL-CV-12-6012073, KNL-CV-12-6012074, KNL-CV-12-6012075, KNL-CV-12-6012076, KNL-CV-12-6012077, KNL-CV-12-6012078, KNL-CV-12-6012079 and KNL-CV-12-6012080. Punitive damages are sought by the Alleged Debtor on counterclaim, bringing the potential award to more than $2,000,000.

3. The "Trustee" of Clipper Realty Trust, Elizabeth Alina, declared under penalty of perjury that the contents of the Petition were true and accurate. They are not.

4. Further, the Alleged Debtor moved to disqualify Attorney Lloyd Langhammer from representing Seaport due to conflict of interest and a violation of Rules 1.7 and 1.9 of the Rules of Professional Conduct, having put Seaport and its original Attorney, Donna Skaats, on notice that such a conflict existed

prior to his involvement. Langhammer swore to the authenticity, accuracy and contents of the Petition under penalty of false statement to obtain a stay in the Seaport Actions.

5. As to Teiger's claim and Clipper Realty Trust's claim the Alleged Debtor believes and has reason to believe that the Petition was filed on behalf of its agents as a means of harassment. To wit, the managing agent of Seaport Capital Partners, Steven Tavares, bragged that to the Alleged Debtor that he ruined other operations by taking rents and warned her that he was willing to do the same to her. The Alleged Debtor believes and has reason to believe that Seaport's attorney, Donna Skaats, was talking to other creditors and her business associates for the purpose of orchestrating the bankruptcy so as to undermine her daily operations as a business person and to delay trial in the Seaport Actions.

6. The Petition was known to be defective prior to its filing and known to be filed for improper purpose, therefore, remedying these defects by joinder is impermissible.

### THIRD SPECIAL DEFENSE: PARTIES BETTER SERVED BY DISMISSAL/11 USC §305

1. The Alleged Debtor re-alleges and reincorporates ¶¶1 through 7 of the Answer and her First and Second Special Defenses as if set forth verbatim.

2. SLS Heating LLC never sought an execution of its judgment. The costs of seeking an execution would be definitively lower than the administrative costs of a bankruptcy proceeding.

3. The administrative and litigation costs of a bankruptcy, especially considering the unusual nature of this case and the pending counterclaim against Seaport Capital Partners LLC as an asset whose precise value must be determined at trial, dictate that a bankruptcy is not in the interests of either the Petitioners or the Alleged Debtor.

ALLEGED DEBTOR:

Sheri Speer
151 Talman Street
Norwich, CT 06360
saspeer@snet.net
(860) 213-2836

Dated this 14 Day of July, 2014

## CERTIFICATE OF SERVICE

I, Sheri Speer, hereby certify that a copy of the foregoing Answer and Special Defenses was sent to the following parties of record:

Attorney Donna Skaats
116 Sachem St
Norwich, CT 06360

Attorney Patrick Boatman
111 Founders Plaza
Suite 1000,
East Hartford, CT 06108

Ana M. Fidalgo, Esq.
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032

Aimee Wickless
22 Courthouse Sq
Norwich, CT 06360

Jessica Braus
2452 Black Rock Turnpike
Suite 7
Fairfield, CT 06825

William Hanlon
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Linda St. Pierre
Hunt Liebert Jacobson
50 Weston Street
Hartford, CT 06120

Lloyd Langhammer
38 Granite St
New London, CT 06320

ALLEGED DEBTOR:

Sheri Speer
151 Talman Street
Norwich, CT 06360
saspeer@snet.net
(860) 213-2836

Dated this 14 Day of July, 2014

## CERTIFICATE OF SERVICE

I, Sheri Speer, hereby certify that a copy of the foregoing Answer and Special Defenses was sent to the following parties of record:

Attorney Donna Skaats
116 Sachem St
Norwich, CT 06360

Attorney Patrick Boatman
111 Founders Plaza
Suite 1000,
East Hartford, CT 06108

Ana M. Fidalgo, Esq.
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032

Aimee Wickless
22 Courthouse Sq
Norwich, CT 06360

Jessica Braus
2452 Black Rock Turnpike
Suite 7
Fairfield, CT 06825

William Hanlon
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Linda St. Pierre
Hunt Liebert Jacobson
50 Weston Street
Hartford, CT 06120

Lloyd Langhammer
38 Granite St
New London, CT 06320

ALLEGED DEBTOR:

Sheri Speer
151 Talman Street
Norwich, CT 06360
saspeer@snet.net
(860) 213-2836

Dated this 14 Day of July, 2014