UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

_____
In re:                                              :        Chapter 7
   Sheri Speer,                              :        Case No. 14-21007(AMN)
       *Debtor*                              :
                                                    :        Re: ECF Nos. 591, 646, 649, 658
_____  :

Order Denying Motion for Order Determining
Adequate Assurance Pursuant to 11 U.S.C. § 366(a)

On May 21, 2015, the debtor Sheri Speer ("Speer" or the "Debtor") filed a motion seeking an order of this Court to "determine adequate assurance to restore all utility service to her residence." ECF No. 591 at 1. By supplement to the Motion, filed June 16, 2015, the Debtor contends that Norwich Public Utilities ("NPU") demanded payment of prepetition bills as a condition of restoring her water and power services, in violation of 11 U.S.C. § 366(a). ECF No. 649. (Together, ECF No. 591 and 649 are the "Motion"). NPU filed an objection to the Motion on June 18, 2015, arguing the Court lacks authority to order NPU to restore utility service to the Debtor's residence, 151 Talman Street, Norwich, Connecticut (the "Residence") because the Debtor did not provide NPU with adequate assurance of payment with the twenty-day period set forth in 11 U.S.C. § 366(b) or the thirty-day period set forth in 11 U.S.C. § 366(c)(2). ECF No. 658.

Relevant Procedural Background

An involuntary petition for Chapter 7 bankruptcy was filed by several of Speer's creditors on May 20, 2014 (the "Petition Date"). ECF No. 1. The Debtor contested the petition and after a trial, the Court entered an order for relief granting the petition on November 12, 2014 (the "Order for Relief Date"). ECF No. 219. Thereafter, the Debtor

1

sought conversion of her case to Chapter 11, ECF No. 297, which the Court granted by order entered January 5, 2015.  ECF No. 306.

On March 13, 2015, several of the Debtor's creditors filed a motion to convert the case back to chapter 7 and the Court granted the motion by order entered April 24, 2015 (the period between November 12, 2014 and April 24, 2015 is the "Chapter 11 Phase").  ECF Nos. 457; 515.  Speer asked the Court to reconsider its order converting the case by motion filed April 29, 2015, ECF No. 531, and the Court is currently reconsidering the order.  See ECF Nos. 549; 550.

The Court issued an Order to Show Cause directing NPU to appear at a hearing held on May 15, 2015.  No order issued as a result of that hearing because the Debtor and NPU reported an agreement to the Court that was to be memorialized in a stipulation signed by both parties and filed with the Court.  ECF No. 573 at 00:20:05 to 00:20:10.  Apparently the agreement was not consummated as no stipulation was submitted to the Court and the Debtor filed the instant Motion, ECF Nos. 591; 649.  The Court then scheduled a hearing to consider the Debtor's Motion for June 17, 2015, but the Debtor filed a "Notice of Unavailability" the day before, stating she was unable to appear on June 17. ECF No. 646.  The Court then attempted to reschedule the hearing to June 19, 2015, but the Debtor advised the Courtroom Deputy that she would be unable to appear at a hearing in person or by telephone, and requested that the Court consider the Motion "on the papers," without a hearing.

Findings of Fact

After a hearing on May 15, 2015, and based upon the Court's review of the pleadings in this case including the Debtor's Motion and NPU's objection, the Court now finds the following facts:

1. NPU terminated electrical power to Speer's Residence on April 22, 2015. ECF 573 [audio file] at 00:08:44 to 00:08:53; 641 at 11-12.

2. NPU terminated water services to Speer's Residence on April 23, 2015. ECF 573 at 00:08:44 to 00:08:53.

3. December 2, 2014 was twenty (20) days after the Order for Relief Date.

4. February 4, 2015 was thirty (30) days after the commencement of the Chapter 11 Phase.

5. The Debtor did not make any payment to NPU for utility service at her Residence from the Order for Relief Date through May 15, 2015. ECF No. 573 at 00:06:00; 00:09:44.

6. The Debtor did not offer or provide NPU with adequate assurance of payment for utility service at any time after the Order for Relief Date. ECF No. 573 at 00:09:45; 00:23:15-00:23:44.

7. The Debtor knew the monthly utility bills for her Residence were several hundred dollars per month. ECF No. 573 at 00:08:20 - 00:11:48.

8. Prior to May 15, 2015, the Debtor attempted to resolve issues surrounding utility service to her Residence by contacting NPU's service representatives, but the Debtor's understanding was that NPU service

representatives "refused" to talk to her and directed her to speak NPU's attorney.  ECF No. 573 at 00:08:40.

9. The Debtor accrued approximately $5,000 in unpaid utility charges for the Residence prior to the Order for Relief Date and approximately $2,750 in unpaid utility charges for the Residence after the Order for Relief Date. Proof of Claim 6-1; ECF No. 658 at 3.

Relevant Law

Section 366 of the Bankruptcy Code provides as follows:

> "(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment" means--
> (i) a cash deposit;
> (ii) a letter of credit;
> (iii) a certificate of deposit;
> (iv) a surety bond;
> (v) a prepayment of utility consumption; or
> (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.
>
> (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
> (2) . . . with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility

4

> service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility."

Section 366(a) includes antidiscrimination language that is "'subject to' the language of Section 366(b) in the sense that a utility is entitled to adequate assurance of payment under Section 366(b) regardless of the debtor's prepetition payment history or whether the utility generally requires new customers to post a deposit." *In re Weisel*, 400 B.R. 457, 463 (Bankr.W.D.Pa. 2009)(*aff'd In re Weisel*, 428 B.R. 185 (W.D.Pa. 2010)(*citing In re Hanratty*, 907 F.2d 1418, 1423 (3d Cir.1990)).

"Subsection (b) is self-executing and a formal proceeding by the utility is not required." *Carter v South County Water System* (*In re Carter)*, 133 B.R. 110, 112 (Bankr. N.D. Ohio 1991), citing 2 *Collier on Bankruptcy* ¶ 366.03 at 366–3 (15th ed. 1991); *see also In re Caldor, Inc. – NY*, 199 B.R. 1, 2 (S.D.N.Y. 1996), *aff'd sub nom Virginia Elec. & Power Co. v Caldor, Inc.-New York*, 117 F.3d 646 (2d Cir. 1997). Accordingly, § 366(b) allows a utility to terminate a debtor's service for failure to provide adequate assurance of future payment within the first twenty (20) days after an order for relief enters.[1]  *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46, 49 (3d Cir. 1985); *In re 499 Warren Street Assocs. Ltd. Partnership*, 138 B.R. 363, 364-365 (Bankr.N.D.N.Y. 1991).  Similarly, a debtor's failure to pay postpetition utility bills allows a utility to terminate a debtor's service "without requesting permission from the bankruptcy court," *In re Jones*, 369 B.R. 745, 749 (B.A.P. 1st Cir. 2007); *see also In re Caldor*, 199 B.R. at 2; *In re: Weisel,* 400 B.R. at 462; *In re 499 Warren Street Assocs.*, 138 B.R. at 364.

---

[1]  The Court notes that the Connecticut General Statutes include provisions respecting the conditions under which a utility service provider may terminate service to a residence.  *See,* C.G.S. §§ 16-262c and 16-262d.  Any issues regarding compliance with state law are not before this Court.

The bankruptcy court does not have the authority under its equitable powers, *see* 11 U.S.C. § 105(a), to enjoin a utility company from terminating a debtor's service based on the debtor's postpetition default in payments. *See Law v Siegel*, 134 S.Ct. 1188, 1194 (2014).

## Discussion

I. The Utility Company Was Authorized Under 11 U.S.C. § 366 to Terminate Utility Service to the Debtor's Residence

Here, the statutory twenty (20) day period for the Debtor to provide adequate assurance to NPU expired on December 2, 2014, and the Debtor did not provide any assurance to NPU by that statutory deadline. *See* 11 U.S.C. § 366(b). The conversion of this case to a chapter 11 case on January 5, 2015, commenced the Chapter 11 Phase of this case. However, the Debtor did not provide NPU with adequate assurance of payment for utility services by February 4, 2015, the 30th day after the commencement of the Chapter 11 Phase of the case.[2] *See* 11 U.S.C. § 366(c)(2).

Based on the factual record before the Court, NPU was within its rights to terminate the Debtor's utility services, both for failing to provide adequate assurance with the twenty (20) day time period for the initial chapter 7 phase of this case, and for failing to provide adequate assurance within the thirty (30) day time period of the Chapter 11 Phase of this case. This Court lacks authority under 11 U.S.C. §§ 105 or 366 to compel NPU to restore them. *See Siegel*, 134 S.Ct. at 1194; *Begley*, 760 F.2d at 49; *In re Caldor*, 199 B.R. at 2; *In re 499 Warren Street*, 138 B.R. at 364-365.

---

[2] The Court assumes for purposes of this case only, and without deciding, that a debtor may get the benefit of the entire thirty (30) day period under chapter 11 under § 366(c)(2) when an order converting a case from chapter 7 to a case occurs after the twenty (20) day period under § 366(b) has already expired.

6

> II. The Utility Company Did Not Violate the Anti-discrimination Provisions of 11 U.S.C. § 366(a)

According to NPU's proof of claim and its objection to the Motion, the Debtor owes the sum of $5,091.40 from the date of the commencement of the involuntary petition and the sum of $2,769.40 since the Order for Relief Date.  ECF No. 658 at 3; Proof of Claim 6-1.  The Debtor did not dispute the underlying fact that she had made no payment for utility service for her Residence since the Petition Date.

At the hearing on May 15, 2015, NPU agreed to accept payment of $1,500 to restore utility service to the Residence.  ECF No. 573 at 00:20:00 to 00:21:00.  In addition, NPU stated at the hearing that it would accept the payment of $1,500 to satisfy all amounts due from the Debtor for utility service to her Residence.  ECF No. 573 at 00:22:20 to 00:22:45.

In light of the Debtor's admissions of non-payment for utility service *after* the Order for Relief Date (a period of five months at the time of the May 15, 2015 hearing), and her claim that the utility services were terminated in April and May 2015, the Court finds that NPU's claim that its termination of utility service to the Residence was based at least in part on the Debtor's failure to make payments during the post-Order for Relief Date period -- and not based solely on a failure to pay prepetition amounts -- to be reasonable.  Therefore, the termination of service was not made, "solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due," in violation of § 366(a).

The Court concludes that NPU did not improperly discriminate against the Debtor as contemplated by 11 U.S.C. § 366.

7

Conclusion

For these reasons, the Debtor's motion filed as ECF No. 591, as supplemented by ECF No. 649, is denied.

Dated at Hartford, Connecticut on June 24, 2015

Ann M. Nevins
United States Bankruptcy Judge