UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re:<br>　　Sheri Speer,<br>　　　　*Debtor* | : <br> : <br> : <br> : | Chapter 7<br>Case No. 14-21007 (AMN) |
| Wells Fargo, National Association, as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5<br>　　　　*Movant*<br>v.<br>Sheri Speer, and<br>Thomas C. Boscarino, Trustee<br>　　　　*Respondents* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br><br><br><br><br><br>Re: ECF Nos. 556, 589, 701 |

**MEMORANDUM AND ORDER GRANTING
<u>RELIEF FROM STAY, IN PART, TO WELLS FARGO, N.A.</u>**

After notice and a hearing held on August 12, 2015 (the "Hearing") to consider the motion of Wells Fargo, National Association, as trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5 (the "Movant") for relief from stay (the "Motion"), ECF No. 556, and the Court having heard and considered argument by the Movant, and having read and considered the objection (the "Objection") of debtor Sheri Speer (the "Debtor"), ECF No. 589, as well as two documents she filed, each denominated "Notice of Unavailability," ECF Nos. 646 and 741, for the reasons set forth below, the Court hereby grants relief from stay pursuant to 11 U.S.C. § 362(d)(2), in part, as more particularly described in this Memorandum and Order.

I.     Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157 (a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(G).

II.     Findings of Fact

1. Creditors Dr. Michael Teiger, Clipper Realty Trust, and SLS Heating, LLC (the "Initial Petitioning Creditors") filed an involuntary Chapter 7 petition against the Debtor on May 20, 2014. ECF No. 1.

2. On November 12, 2014, this Court entered a Memorandum of Decision on Involuntary Petition and an Order for Relief under Chapter 7, after trial, determining that the Debtor was insolvent and was properly a debtor in this Court. ECF Nos. 219 and 220.

3. The Debtor filed a motion to convert the case to one under Chapter 11, ECF No. 297, and the Court granted the Motion on January 5, 2015. ECF No. 306.

4. On March 13, 2015, creditor Seaport Capital Partners, LLP ("Seaport") moved to convert the case back to Chapter 7. ECF No. 457.

5. On May 12, 2015, the Movant filed a motion for relief from stay as 12 Ripley Place; Norwich, Connecticut pursuant to 11 U.S.C. § 362(d)(2). ECF No. 556. The Debtor filed an objection on May 21, 2015. ECF No. 589. A hearing on the Motion was initially scheduled for June 17, 2015. ECF No. 615. However, on June 11, 2015, the hearing was continued to July 30, 2015. *See* unnumbered docket entry dated 6/11/2015.

6. On June 16, 2015, the Debtor filed a "Notice of Unavailability," asking the Court to schedule no hearings until she gave it further notice. ECF No. 646.

7. Consequently, the Court continued hearings on ECF Nos. 509, 529, 591, and 632, to July 2, 2015. *See* unnumbered docket entries dated 6/17/2015.

8. On June 18, 2015, the Debtor provided two medical notes dated June 15, 2015 and June 17, 2015, for in camera review. In relevant part, the notes stated that the Debtor would be able to return to work in three days (i.e. on June 19, 2015) and that the Debtor should not participate in court hearings for an indefinite period of time.

9. The Debtor's motion for adequate assurance and/or to restore utility services to her residence, ECF No. 649, was scheduled for a hearing on June 19, 2015. *See* ECF No. 657. The Courtroom Deputy contacted the Debtor to determine whether she wanted to appear at the hearing telephonically, but the Debtor stated that she would not be able to participate in a hearing on that date, either in person or by telephone.

10. The Court marked the hearing off, *see* unnumbered docket entry dated 6/19/2015, and ultimately denied the Debtor's motion by order entered June 24, 2015. ECF No. 668.

11. The next day, June 25, 2015, the Debtor filed two motions, ECF Nos. 669 and 670, seeking reconsideration of the Court's order granting the Trustee's motion to conduct a Rule 2004 examination of Ranciato & Ranciato Licensed Public Adjusters, and a separate order denying the Debtor's motion for a protective order. *See* ECF Nos. 635 and 643.

12. On July 1, 2015, the Courtroom Deputy inquired of the Debtor whether she would be able to participate in the hearings scheduled for July 2, 2015 by

        telephone or in person.  Later that day, at approximately 5:10 p.m., the Debtor emailed the Courtroom Deputy and advised that she would be unavailable on July 2, 2015 due to health reasons.  She submitted two additional medical notes dated July 1, 2015 for in camera review.  In relevant part, the notes appear to claim that: (1) the Debtor could not or should not participate in court hearings for at least three months; and (2) the Debtor was restricted "until light duty starting on 8/2/2015" and "totally disabled 8/1/2015."  The Debtor requested an indefinite continuance of the July 2, 2015 hearings.

13. On July 15, 2015, the Debtor filed a motion to quash a subpoena in a related adversary proceeding that Seaport brought against her, as well as a motion to dismiss the adversary proceeding for failure to state a claim.  *Seaport v. Speer*, 15-20131 (the "Adversary Proceeding"), ECF Nos. 7 and 8.

14. On July 22, 2015, the Debtor filed a motion to reconsider the Court's order denying her motion to quash the subpoena and a notice of appeal from the same order.  Adversary Proceeding, ECF Nos. 17 and 19.

15. On July 23, 2015, after reconsideration, the Court granted Seaport's motion to convert the case back to Chapter 7.  ECF Nos. 684 and 685.

16. On July 28, 2015, the Court granted the parties a final continuance of the hearing on the Motion to August 12, 2015.  *See* unnumbered docket entry dated 7/28/2015.

17. On July 30, 2015, the Debtor filed a "Motion for Order to Show cause why [the Trustee] Should not be Removed," ECF No. 691, and an amended notice of appeal, appealing the Court's ruling.  ECF No. 692.

18. The Debtor filed a second "Notice of Unavailability" on August 10, 2015, stating that:

> The medical documentation informs that, in June, at least one of Ms. Speer's treating physicians stated that she cannot be subjected to an examination, deposition or court hearings for at least three months, due to her medical condition. Ms. Speer's treatment is ongoing. She is not in good health. She is on heavy pain medication and she has serious health concerns . . . . Ms. Speer is unable to appear at hearings this month. No exams or hearings should be scheduled until after Ms. Speer's treating physicians have completed their diagnosis and authorized her to participate in Court activities. The filing and service of this Notice shall constitute an application and request for continuance, extension of time and/or for a protective order, as appropriately required, for the above reasons.

ECF No. 701

19. At the Hearing, the Movant stated that, while it had waived the requirement of 11 U.S.C. § 362(e)(1), that the stay be terminated within 30 days of a 11 U.S.C. § 362(d) motion absent an order of the court, it was not willing to do so again, asking the Court to terminate the stay within the next 30 days.

20. The Court finds that the Debtor had notice of the Hearing via email communication with creditor's counsel, as indicated by emails sent to the courtroom deputy, as well as through the CM/ECF system.

### III. Applicable Law and Burden of Proof

A. <u>Relief from Stay</u>.

Upon the filing of a bankruptcy petition, the automatic stay provided by the Bankruptcy Code stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(2). In cases other than single-asset real estate cases, relief from

stay must be granted "with respect to a stay of an act against a property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). However, "in a Chapter 7 liquidation case, effective reorganization is irrelevant." *Powers v America Honda Finance Corp.*, 216 B.R. 95, 97 (N.D.N.Y. 1997), citing *In re Diplomat Electronics Corp.*, 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988). The language of 11 U.S.C. § 362(d) "is mandatory, not permissive" where Congress has provided "that the 'Court *shall* grant relief from stay' " if the party meets the requirements of the subsection. *In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) (emphasis in original).

Pursuant to 11 U.S.C. § 362(g), the Movant bears the burden of demonstrating "(1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property." *In re Elmira Litho, Inc.*, 174 B.R. 892, 900-901 (Bankr. S.D.N.Y. 1994). If the movant does not sustain its burden, the Court must deny the motion. *In re WorldCom, Inc.*, Case No. 02-13533, 2003 WL 22025051, at *4 (Bankr. S.D.N.Y. Jan. 3, 2003). "Once the movant establishes its *prima facie* case, the burden shifts to the debtor" to show that the movant does not have a secured claim or that the debtor does have equity in the property. *Elmira Litho*, 174 B.R. at 901 n. 7.

B. <u>Continuance</u>.

> Whether a request for a continuance should be granted is a question within the province of the sound discretion of trial courts, including the Bankruptcy Court. . . . Rather than a mechanical test, the determination of whether there has been an abuse of discretion varies with the particular circumstances of each case.

*Wachovia Bank of Georgia, N.A. v. Apex Tech of Georgia, Inc.*, 144 B.R. 649, 653 (S.D.N.Y. 1992) (internal citations omitted); *see also In re Litwok*, 246 B.R. 1, 9 (E.D.N.Y. 2000). One factor courts may consider in whether granting a continuance will allow the moving party to add additional information to move the case forward. *See In re Litwok*, 246 B.R. at 9. Further, a party's right to be present at a hearing is not violated where the party had adequate notice of the hearing and a meaningful opportunity to be heard but did not avail herself of that opportunity. *Bergesen v. Lindholm*, 760 F. Supp. 976, 985 (D. Conn. 1991); *see also Chemical Bank v. Dana*, 4 F. App'x 1, 6 (2d Cir. 2001), *cert denied* 535 U.S. 928 (2002).

IV.    Discussion

Initially, the Court does not read the Debtor's "Notices of Unavailability" as requesting a stay in the current matter. In the Court's view, the motions are aimed at continuing examination of the Debtor that her creditors are seeking. However, to the extent that the notices can be read as seeking a continuance of the Motion, the Court finds that it must weigh the Movant's interest in obtaining an order on the Motion within the next 30 days, *see* 11 U.S.C. § 362(e)(1), and the Debtor's interest in obtaining a continuance to attend a further hearing on the matter and add her argument for the Court's consideration.

A. <u>Relief from Stay</u>.

The Movant has provided evidence that it has a valid lien against the Debtor's property, in the nature of a copy of an adjustable rate note signed by the Debtor, an allonge to the note, a copy of an open-end mortgage certificate signed by the Debtor, a legal description of the Property, and a corporate assignment of the mortgage to the

Movant. ECF No. 556-1. Indeed, the Debtor concedes in her schedules that the Movant holds a valid mortgage against the property. Further, the Debtor concedes that the amount owed on the mortgage exceeds the value of her interest in the property, leaving her with no equity therein. See ECF Nos. 404 at 1, 18[1]; 581 at 1, In light of these facts, the Court determines that the Movant has met its burden of demonstrating the amount of its claim, that the amount is secured by a perfected lien against the Property, and that the Debtor lacks equity therein. See In re Elmira Litho, Inc., 174 B.R. at 900-901.

The burden, therefore, shifted to the Debtor to demonstrate that the Movant did not, in fact, hold a valid lien, or that she did, in fact, have equity in the Property. Id. at 901 n. 7. In her objection, however, the Debtor makes no such demonstration. She argues, instead, that granting the Movant relief from stay would "prejudice the estate" by forcing the Debtor to "defend a multiplicity of claims in different forums, resulting in duplicated effort and expensive litigation." ECF No. 589 at 2. She further argued that the Property could become part of a potential reorganization. ECF No 589 at 2. However, because the case is now proceeding under Chapter 7, the Debtor's reorganization argument is irrelevant. See Powers v America Honda Finance Corp., 216 B.R. at 97.

Due to the Debtor's failure to challenge the Movant's lien or demonstrate that she has equity in the Property, and due further to the mandatory nature of 11 U.S.C. § 362(d)(2), see In re Zeoli, 249 B.R. at 63, the Court determines that it must grant the Movant relief from stay, unless it determines that it must continue the matter.

---

[1] The schedules identify Ocwen Loan servicing as the lien holder; however, the assignment of mortgage attached to the Motion show that Ocwen assigned the mortgage to the Movant on May 1, 2015. ECF No. 556-1 at 19

B. <u>Continuance</u>.

The Court determines that, despite the Debtor's representation that she cannot participate in any court proceedings due to her medical condition, she has been able to monitor the docket, review submissions by other parties and orders of the Court, and write substantial responses and motions, as evidenced by her numerous filings after she submitted her first notice of unavailability. *See* ECF Nos. 669, 670, 691, 692; *see also* Adversary Proceeding, ECF Nos. 7, 8, 17, and 19. The Court notes that it has previously found that "the Debtor's documents . . . included numbered paragraphs and citations to . . . cases and several of the Federal Rules of Civil Procedure using Blue Book [citation]. The Debtor has consistently maintained that she and she alone prepares her pleadings filed in this Court." ECF No. 676 at 4. Consequently, the Court determines that, while the Debtor contends she is unable to physically appear in Court, she retains the ability to respond in writing to matters on the docket. Additionally, the Debtor had notice of the Hearing and the ability, if she so chose, to file any supplements to her objection to clarify her position on the Motion. The Motion has been pending since May 2015 and, since that time, the Debtor filed her objection but no other documents. Further, due to the Debtor's admission in her schedules that the Movant owns a valid mortgage against the Property and that she has no equity therein, the Court determines that the Debtor would have little additional to add to the matter should the Court decide to continue it. *See In re Litwok*, 246 B.R. at 9; *Wachovia Bank of Georgia, N.A.*, 144 B.R. at 653

For these reasons, but with due respect to the Debtor's medical condition, the Court determines that granting a continuance of the matter is not warranted in this case.

V. Conclusion

For the foregoing reasons, it is hereby ordered that the Motion, ECF No. 556 is granted, in part, insofar as the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, and/or it successors and assigns to exercise its rights, if any, with respect to the Property pursuant to non-bankruptcy law. It is further ordered that, insofar as the Debtor's second notice of unavailability can be read as a seeking a continuance of this matter, it is denied to that extent.

Dated at Hartford, Connecticut on August 13, 2015

*Ann M. Nevins*
United States Bankruptcy Judge