UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re:<br>   Sheri Speer,<br>      *Debtor* | : <br> : <br> : <br> : | Case No.: 14-21007 (AMN)<br>Chapter 7 |
| Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee For HSI Asset Securitization Corporation Trust 2006 Opt4, Mortgage-Pass-Through Certificates, Series 2006-Opt4,<br>      *Movant*<br>v.<br>Sheri Speer,<br>      *Respondent*<br>Thomas C. Boscarino,<br>      *Trustee* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Re: ECF Nos. 709, 755, 784, 793, 896, 1086, 1111, 1156, 1161 |
| Ocwen Loan Servicing, LLC, as Servicer for HSBC Bank USA, N.A., as Trustee for The Registered Holders of Renaissance Home Equity Loan Trust 2006-1,<br>      *Movant*<br>v.<br>Sheri Speer,<br>      *Respondent*<br>Thomas C. Boscarino,<br>      *Trustee* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Re: ECF Nos. 737, 792, 897, 1083, 1112, 1156, 1161 |

Memorandum of Decision and Ruling

The courts' orders granting relief from stay to Ocwen Loan Servicing, LLC relating to two properties, 107 Oakridge Street, Norwich, Connecticut, and 20 Central Avenue, Norwich, Connecticut were remanded by the District Court for further proceedings. *See* ECF Nos. 896, 897, 1086, 1087. Specifically, the District Court

remanded ECF Nos. 709 and 737 for a determination as to whether the allonge for each note was affixed to the relevant note.  *See* ECF Nos. 1086, 1087.

During a hearing on January 4, 2017, the court examined the original notes at issue in ECF Nos. 709 and 737, and made findings on the record regarding the authenticity of the notes and their respective allonges.[1]  *See* ECF No. 1147 (audio file). The court examined the original notes provided by the movant and determined that an allonge was affixed (i.e., stapled) to each.  *See* ECF No. 1147 (audio file).

The court then confirmed that the only remaining issue raised by the debtor was a legal one, specifically whether an allonge consisting of a separate piece of paper affixed to the original note could be valid under Connecticut's version of the Uniform Commercial Code when there was sufficient space on the original signature page of the note for the endorsement.  ECF Nos. 1111, 1112, 1147.  The court permitted the parties to file supplemental memoranda on this issue.  ECF Nos. 1156, 1161.

---

[1] "A holder merely needs to produce the note to establish [the] presumption [that it has standing to foreclose].  The production of the note establishes [its] case prima face against the [defendant] and [it] may rest there. . . .  It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.)  *U.S. Bank, N.A. v. Schaeffer*, 160 Conn. App. 138, 147 (2015).  The court noted during its examination of the allonge attached to the note for 20 Central Avenue, Norwich, Connecticut, that the black ink signature on the allonge could be a copy.  ECF No. 1147, 1:23:05-1:23:25.  Counsel for Ocwen replied that it was equally possible that the allonge was signed by a signature stamp, to which the court replied that all that it could determine was that the signature on the allonge was a black ink signature, rather than blue as in the signatures on the note itself.  ECF No. 1147, 1:36:00-1:38:00.  The debtor did not provide any argument on this point.  Based on the totality of the record, including that the movant did present the original note, and the absence of any affirmative claim by the debtor that anyone else is the true holder of the note, the court concludes that the movant is the holder of the note and therefore has standing to bring the motion for relief from stay, ECF No. 737.

The debtor argues that an allonge on a separate sheet of paper is only valid when there is no room for the endorsement on the signature page of the note.  This is based on the definition of an allonge as "[a] piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself".  *See SKW Real Estate Ltd. Partnership v. Gallicchio*, 49 Conn. App. 563, 566 n.3, *cert. denied*, 247 Conn. 926 (1998), *White v. Bank of Am. Bank, NA*, 597 F. App'x 1015, 1017 n.1 (11th Cir. 2014); *In re Stanley*, 514 B.R. 27, 31 n.4 (Bankr. D. Nev. 2012).  The cases cited by the debtor either did not actually address the issue of whether room on the instrument for an endorsement rendered an allonge ineffective; *see SKW Real Estate*, at 566–71; *White*, at 1018–20; or, stated exactly the opposite:  "Under the law merchant, the majority view *was* that an allonge was ineffective to transfer a negotiable instrument unless there was no more room on the reverse side of the note for additional endorsements. . . .  The 1992 amendments to UCC Article 3 changed this rule to allow an allonge to be effective so long as it was "affixed" to the instrument.  UCC § 3–204(a)."  (Emphasis added.)  *In re. Stanley*, at 31 n.4.

The movant cites to the Uniform Commercial Code, Official Comment 1 to Section 3-204, codified in Connecticut law as Conn. Gen. Stat. § 42a-3-204, Official Comment 1: "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement."  Other courts considering the issue following the 1992 amendment to the Uniform Commercial Code have declined to follow the "no space" test.  *See Deutsche Bank Trust Co. Ams. v. Porzio*, 2014 WL 2504761 (Conn. Super. Ct. Apr. 29, 2014); *In re McFadden*, 471 B.R. 136, 172 (Bankr. D.S.C.

May 9, 2012); *Berg v. eHome Credit Corp.*, Docket No. 08-C-05530, 2011 WL 761486 (N.D. Ill. Feb. 25, 2011).

The court concludes, for the reasons stated during the hearing held on January 4, 2017, and those stated herein, that the movant is entitled to relief from stay. Accordingly, the court will grant both ECF No. 709 and ECF No. 737 pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2). Separate orders shall enter.

Dated on this 15th day of February, 2017 at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut